IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VOLTAGE PICTURES, LLC,

        Plaintiff,

  v.

CHRISTOPHER HONDRICK,

        Defendant.

No. 6:13-cv-290-AA
ORDER

AIKEN, Chief Judge:

    Plaintiff, Voltage Pictures, initiated this action on May 21, 2013, against numerous Doe defendants asserting copyright infringement. After identifying Doe number 1, plaintiff submitted a notice of acceptance of pro se defendant Christopher Hondrick's offer of judgment allowing judgment to be entered against him for the relief sought along with costs and fees. On September 12, 2013, the court entered judgment against defendant with costs and

1 - ORDER

fees. Plaintiff now seeks statutory damages of $150,000, a permanent injunction, attorney fees in the amount of $2,555, and costs in the amount of $405.

Plaintiff is entitled to recover actual damages attributable to the infringement or may elect to recover statutory damages. 17 U.S.C. § 504(b) and (c). The court may award, as statutory damages, "a sum of not less than $750 or more than $30,000." 17 U.S.C. 504(c)(1) However, where the infringement is committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. 504(c)(2).

This court previously entered an award of $2,000 in statutory damages against a defendant (who is an attorney), originating in this case, who evaded service of process and who apparently obfuscated his role in the alleged downloading of the film at issue in discussions with plaintiff's counsel prior to entry of a default judgment. See Case No. 3:13-cv-855-AA (order dated November 7, 2013). Although the complaint establishes willfulness in this case as well, the court finds that the circumstances of this case do not justify an increase beyond the statutory minimum of $750, especially in light of defendant's pro se status when making the offer of judgment.

The court may grant final injunctions to prevent further infringement. 17 U.S.C. § 502(a). Accordingly, defendant is hereby permanently enjoined from infringing plaintiff's rights in

2 - ORDER

the motion picture Maximum Conviction via any means.

The court, in its discretion, may allow recovery of costs and attorney's fees to the prevailing party in an action for copyright infringement. 17 U.S.C. § 505. In considering whether to exercise that discretion, the court can consider (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994). These factors justify an award of fees in this case.

Plaintiff, as the party seeking fees, has the burden of showing that time spent by its attorney was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, plaintiff must document the hours spent in the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397.

Calculating a "reasonable attorney's fee" involves a two pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain

3 - ORDER

circumstances, however, a court may adjust the award upward or downward to take into account the Kerr factors not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

Plaintiff's counsel asserts that he is entitled to an hourly rate of $350.00. This court has previously determined that an hourly rate of $312 is appropriate for counsel. See Case No. 3:13-cv-855-AA (order dated November 7, 2013).

Plaintiff seeks only those hours related to this particular defendant. The court finds that the requested 7.3 hours is reasonable. Accordingly, plaintiff is entitled to an award of attorney fees in the amount of $2,277.60. Plaintiff is also entitled to an award of costs in the amount of $405.

## CONCLUSION

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

4 - ORDER

For the reasons stated above, plaintiff's motion for damages, fees, costs, and an injunction (#67) is granted and further judgment is awarded in favor of plaintiff and against defendant as follows: (1) statutory damages in the amount of $750; (2) attorney's fees and costs in the amount of $2,682.60; and (3) a permanent injunction enjoining defendant from infringing plaintiff's rights in plaintiff's motion picture including, without limitation, by using the internet to reproduce or copy plaintiff's motion picture, to distribute plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. Moreover, defendant shall destroy all unauthorized copies of plaintiff's motion picture in his possession.

DATED this 8th day of November, 2013.

/s/ Ann Aiken
Ann Aiken
United States District Judge